PERRY G. MACOMBER *vs.* WILLIAM H. DOANE & trustees.

Future wages to be earned under an *existing* appointment as watchman of a city may be assigned, by an order addressed to the treasurer of the city; and such an order, given in the middle of a month, for "the amount on my month's wages, when due," means the wages of that month.

If an order is given for the wages of the drawer, with the understanding that any sum received on it over the amount which may be due from him to the drawee shall belong to the former, any excess so received is subject to the trustee process in a suit against the drawer of the order.

TRUSTEE PROCESS, in which the city of New Bedford and the firm of Nye & Howland were summoned as trustees; and Nye & Howland were allowed to appear as claimants and maintain their right, under the statute.

At the trial in the superior court, it appeared that the defendant was appointed on the 6th of January 1860 as a watchman of the city, for the year ensuing, subject to removal by the mayor and aldermen at any time; and on the 6th of June following he gave to the claimants an order as follows: " New Bedford, June 6, 1860. To the treasurer and collector of the city of New Bedford: Sir — Please pay Nye & Howland the amount on my month's wages, when due, and oblige, for value received, yours

truly, W. H. Doane." This order was left with the city treas-
urer on the 13th of June; but the watchmen's pay-roll was
made up on the first Tuesday of each month, for the wages due
up to the first of the month, and, on the 3d of July it appeared
by the pay-roll that the sum due to the defendant was $37.50.
The writ was served on the 3d of July, on which day the de-
fendant owed the claimants for groceries $28.79; and Howland
testified that the order was given to secure them for groceries
already furnished and to be furnished by them to the defendant
from time to time; and their understanding was, that any sum
received on the order over the sum due to them for groceries
should belong to Doane.

Under instructions of *Brigham*, J., authorizing them to do so,
the jury returned a verdict for the claimants for $37.50, and the
plaintiff alleged exceptions.

*T. M. Stetson*, for the plaintiff.

*E. L. Barney*, for the claimants.

CHAPMAN, J. The jury have properly found that the order
related to Doane's wages for the month of June. Such is its
fair construction. It is dated June 6, and orders payment to
the drawee of "my month's wages, when due." His payments
were to become due monthly, and the pay-rolls were made up
on the first Tuesday of each month for the preceding month.
He was then earning these wages under an existing contract,
and therefore they were a legal subject of assignment. *Hartley
v. Tapley*, 2 Gray, 565. *Taylor v. Lynch*, 5 Gray, 49.

An order constitutes a good form of assignment, it being for
the whole sum due or becoming due to the drawer, and it needs
not be accepted to make it an assignment. *Gibson v. Cooke*,
20 Pick. 15. *Tripp v. Brownell*, 12 Cush. 376. *Osborne v. Jor-
dan*, 3 Gray, 277. *Taylor v. Lynch*, 5 Gray, 49. The order in
this case was therefore a good assignment. It gave the drawees
an equitable right to use the name of Doane for collecting the
amount that should become due. The agreement to supply
groceries was a valid consideration for the assignment, as be-
tween the parties. *Lannan v. Smith*, 7 Gray, 150. And it was
valid against creditors to the amount of the goods actually

supplied. On the 3d of July, the day when the pay-roll was made up, and when the writ in this case was served, the amount of goods supplied was $28.79. But the amount due for wages was $37.50. The balance of $8.71 was, by agreement of parties, to be received in trust for Doane, and paid over to him. So far as it was to be received in trust for the debtor, it was subject to attachment by creditors, and the trustee is chargeable to that amount. *Exceptions sustained*